*J. A. Gillis*, for the respondents.

*W. C. Endicott*, for the petitioner.

EBEN L. CHAPMAN *vs.* LUKE HARNEY.

To enforce a forfeiture of a lease of land for nonpayment of rent stipulated to be paid on certain days but without specifying any place of payment, the lessor must prove a demand for the rent made upon the land, or a waiver thereof by the lessee; and the lessee's reply to a demand made upon him by the lessor on such a day elsewhere, that he cannot then pay the rent, is not such a waiver.

ACTION commenced April 16, 1868, on the Gen. Sts. *c.* 137, against an undertenant of James Keegan, for possession of the tenement described in the following notice, signed by the plaintiff, and dated and served upon the defendant September 9, 1867, with which the defendant refused to comply: " You are hereby notified that I have terminated the tenancy of James Keegan in the tenement numbered 81 on Common Street in Lawrence, which you occupy and hold under said Keegan, and that said tenement was held by said Keegan under a lease from me, which said lease has been forfeited by said Keegan for condition broken.   I shall be obliged to eject you from said tenement unless you will agree to attorn and pay all rent subsequently accruing to me."

At the trial in the superior court, before *Morton*, J., without a jury, on appeal from the police court of Lawrence, the plaintiff introduced in evidence his written lease of the premises to Keegan for four years from April 1, 1866, upon condition of the payment of rent on the first day of each month, and providing that the lessor might enter to expel the lessee if he should fail to pay the rent as aforesaid; and sought to prove a forfeiture by evi-

dence that, about half past six o'clock on the afternoon of Au-
gust 1, 1867, he demanded of Keegan the rent due for the month
of July next preceding, " at the dwelling-house of Keegan, who
lived with his family some distance from the tenements leased;"
and that Keegan replied " that he could not pay it then, — that
he was not accustomed to pay until the 10th of each month."
The judge ruled that the plaintiff could not maintain his action,
and found for the defendant. The plaintiff alleged exceptions.

*E. T. Burley,* for the plaintiff.

*S. B. Ives, Jr., & W. H. P. Wright,* for the defendant.

COLT, J. Unless the lease of the plaintiff to Keegan, under
whom the tenant claims, was legally terminated by the plaintiff
for the alleged forfeiture for nonpayment of rent, this action
cannot be maintained. Many objections are taken by the de-
fendant to the validity of the plaintiff's proceedings. We con-
fine ourselves to one which is in our opinion decisive.

The claim of the plaintiff is *stricti juris.* He seeks to enforce
a forfeiture; and courts always lean against penalties and for-
feitures. To entitle himself to recover the possession of the
leased premises, he must show that all the necessary forms which
the law has prescribed have been scrupulously observed. There
must be a demand for rent on the day it is due, at a convenient
time before sunset. There is nothing in the terms of this lease
to show that the common law requirement of demand is waived
or dispensed with. Where no place of payment is named, a
tender upon the land is good, and prevents forfeiture. And if
the lessor desires to enforce a forfeiture, he must demand the
rent upon the leased premises at the most notorious place. The
demand was not made upon the premises, but upon Keegan,
who lived with his family some distance from the tenements
leased. It is unnecessary to consider whether there was a
proper entry for breach of condition, or whether the alleged for-
feiture was waived by receipt of rent. 1 Saund. 287, note 16
*Jackson* v. *Harrison,* 17 Johns. 66. *Bowman* v. *Foot,* 29 Conn.
331. *McQuesten* v. *Morgan,* 34 N. H. 400. *Fifty Associates*
v. *Howland,* 11 Met. 99.                    *Exceptions overruled.*