## JEREMIAH WILLARD *v.* JACOB BENTON AND ANOTHER.

*Perpetual Lease. Forfeiture. Tenant. Selectmen.* R. L. s. 1259.

The failure of a tenant under a perpetual lease from the selectmen of a town to pay rent according to the terms of the lease, or a neglect by the tenant to pay when the rent was called for, does not work a forfeiture, no legal demand having been made for the rent *on the very day it became due and at the very place where payable.*

TRESPASS *quare clausum* and for cutting and carrying away timber. Plea, not guilty. Trial by court, September Term, 1881, Essex County, Ross, J., presiding. Judgment for the defendant.

The lot in question is a glebe lot,—No. 63,—in the town of Maidstone. Both parties claim title under leases from the selectmen of said town,—the plaintiff under a lease dated September 24, 1879; and the defendant under a lease dated August 9, 1850. The lease of 1850 was perpetual. The forfeiture clause was as follows:

"And, if it shall so happen that the said yearly rent or any part thereof shall be behind or unpaid for the space of 28 days next after the day or time on which the same should or ought to be paid as aforesaid, on being lawfully demanded, then and therefor it shall and may be lawful for the selectmen of Maidstone aforesaid, into the said demised premises to enter, and to have and repossess, hold, and enjoy the same as in their first form, estate, title, and degree,

and the said March Norris, his executors, administrators, heirs, and assigns throw out, and from them expel and put out, anything herein anywise to the contrary notwithstanding."

The defendant Benton took possession under a mortgage which he had on the premises, in November, 1877. The defendant Goodwin, as the agent of said Benton, in the winter of 1879-80, cut and removed from the lot $75.00 worth of timber. The rent had been paid to 1877. It appeared that the plaintiff paid the back rent when he received his lease, and that said Benton, December 27, 1879, sent the money by an agent, to the town treasurer to pay the rent, and the treasurer, after stating that it had been paid, received it under an agreement that it should not affect any litigation. The exceptions stated, in part:

" In May, 1878, S. W. Allen, the first selectman for Maidstone, met defendant Baker on the street of Lancaster, in front of the court house. Allen handed him a slip of paper, and said he had a bill against him. Benton read the heading aloud, ' Benton & Brown,' and said he didn't know anything about Benton & Brown. Allen said it was for taxes, or rent taxes, on lands formerly belonging to Brown. Benton said he had a mortgage on some lands that once belonged to Brown, but he could not tell whether it was these lands or not, without going to his office and examining his papers. Allen said they must be paid, or they should sell the land. Benton replied, ' Sell the land, then, if you want to.' Benton understood it was a call for taxes. He was in his wagon in the street, and did not give much attention to the matter."

The lot had never been used except for a timber lot.

*Geo. N. Dale* and *Bates & May,* for the plaintiff.

No demand was necessary. R. L. s. 1259. If any was necessary, the defendant waived it. *Angell* v. *Johnson,* 51 Iowa, 625; *Brown* v. *Leitch,* 60 Ala. 313. The old rule of strictness is relaxed; and a lease should be construed like every other contract. *Goodwright* v. *Cator,* 2 Dougl. 477; 2 M. & W. 525. It is a fair construction of the lease, that, if the rent

was demanded in a reasonable time and manner, the lessor could re-enter. Woodf. L. & T. 150; Smith L. & T. 109, 148; R. L. s. 2703. The lease is silent as to the place of payment; but the statute has fixed the town treasury as the place. 1 Par. .Cont 502. See *Lush* v. *Druse,* 4 Wend. 313; *Remsen* v. *Conklin,* 18 Johns. 450. The defendant is estopped from denying the validity of the plaintiff's lease. *Hicks* v. *Cram,* .17 Vt. 455; T. P. REDFIELD, J., in *Soper* v. *Frank,* 47 Vt. 368; *Drake* v. *Glenn,* 30 Ala. 382; *McCullough* v. *Wilson,* 21 Penn. St. 436; S. C. 33 Am. Rep. 152; *Raley* v. *Williams,* 73 Mo. 310; *Markham* v. *O'Conner,* 52 Ga. 183.

*Poland,* for the defendants, argued substantially as the court held, and cited 3 Kent Com. 611; Taylor L. & T. 493; *Van Rensselaer* v. *Jewett,* 2 Comst. 141: *Jones* v. *Reed,* 15 N. H. 68; *Jewett* v. *Berry,* 20 N. H. 36; *Maidstone* v. *Stevens,* 7 Vt. 487; 2 Story Eq. 1315, 1325; *Atkins* v. *Chilson,* 11 Met. 112; *Powers* v. *Powers,* 11 Vt. 262; R. L. s. 1259; *Jamaica* v. *Hart,* 52 Vt. 549.

The opinion of the court was delivered by

REDFIELD, J. In 1850 the selectmen of Maidstone gave a perpetual lease of lot No. 63 to March Norris. The title of Norris came down to Benton, and he is in possession. The lease stipulated for rent $2 per year, payable on the first of March, and if unpaid for 28 days, *on being lawfully demanded,* the town might re-enter. The rent was not demanded at the time it became due, nor on the land. But Allen, one of the selectmen, had several conversations with Benton at Lancaster, N. H., in which the rent on this lot of land was called for; and Benton not paying the rent, the selectmen treated the lease of 1850 as forfeited, and leased the land to the plaintiff. Did all this work a forfeiture of the freehold estate of Benton, and give a legal title to the plaintiff?

It is well settled at common law, " to entitle a landlord to

re-entry for breach of covenant to pay rent, he must make demand of the actual rent due, on the very day it becomes due, at a convenient time before sunset, at the very place where payable, or at the most *notorious place* on the premises demised." 3 Kent Com. (11th ed.) 611; Taylor L. & T. s. 493, 494; *Van Rensselaer* v. *Jewett,* 2 Comst. 141; *Maidstone* v. *Stevens,* 7 Vt. 487.

The provisions in leases in regard to rent are regarded as additional securities to the landlord for the payment of his rent; when strictly followed so as to work a *forfeiture,* they were always relieved against by courts of equity. 2 Story Eq.; ss. 1315 to 1325.

But it has long been well settled both in England and in this country, that where the landlord brings ejectment, or writ of entry for non-payment of rent, a court of law, without the aid of any statute, will allow the tenant to bring his rent into court, and thus relieve himself from forfeiture. That right in this State is secured by statute. R. L. s. 1259.

In this case, after the rent had fallen due and after some street talk, and perhaps wrangle, between one of the selectmen and the defendant Benton, the selectmen undertake to divest Benton of a freehold estate, and cut off all remedy either at law or equity, by conveying the title to the plaintiff.

This, we think, cannot be lawfully done. The law does not favor forfeitures; nor would declare one by implication, but would require strict proof. We think Benton has not been divested of his freehold estate; consequently, the town failed to convey title to the plaintiff.

Judgment affirmed.