CHARLES KOVNER *vs.* M. J. DUBIN.

First Judicial District, Hartford, January Term, 1926.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

Under § 5857 of the General Statutes, a writ of error may be served and returned in the same manner as other civil process.

Although it is the common and better practice to incorporate in, or annex to, a writ of error a copy of the record of the trial court, so that it shall be included among the papers served upon the defendant, nevertheless, if the record is referred to in the writ as an exhibit and is later filed in this court upon analogy to the rules which permit the incorporation of documents by reference in complaints in civil actions, the writ will not for that reason be held abatable, especially where, as in the present case, it does not

Kovner *v.* Dubin.

appear that the interests of the defendant have been in any way prejudiced.

The certification of all the evidence upon a writ of error is a superfluous and unjustifiable proceeding, where the only legitimate source from which this court may derive information as to the facts established at the trial, is the bill of exceptions, the function of which is similar to that of a finding on an appeal.

A reason of appeal must state specifically and distinctly the error complained of.

A breach by a lessee of his covenant to pay rent does not in and of itself work a forfeiture of the lease unless the lease so provides; it merely gives the lessor the power to terminate the relation by doing some unequivocal act which shows to the lessee his intention to declare a forfeiture.

It is competent for the parties, by a proper provision in the lease, to waive the requirements of the common law that to work a forfeiture for nonpayment of rent, the lessor must make a demand for payment and a formal re-entry upon the premises; but whether the provision, in the present case, for a general waiver of "demand and notice of every kind and description whatever, which, were it not for said waiver, might otherwise be necessary in obtaining possession of said premises," was sufficient to relieve the lessor of the necessity of making a re-entry, *quære.*

If a lessee makes a tender of rent after breach of his covenant to pay it but before the lessor has completed the forfeiture by some unequivocal act on his part, the rights of the lessee are saved and the lessor is thereafter powerless to terminate the lease.

The rent of the plaintiff's premises was payable by the defendant on the first day of each month and it was provided that, under certain conditions, the lease should terminate if it remained unpaid for ten days thereafter. On August 13th, the defendant's agent tendered the rent for that month in cash to the plaintiff's wife, who was authorized to receive payment, but she refused to accept the money, and on the following day, the defendant's wife made a similar tender which was met with a like refusal. On August 14th, the plaintiff, through his attorney, mailed to the defendant a written notice of his election to terminate the lease, and, after having refused two subsequent tenders of the rent, one of which was in gold, instituted the present action of summary process. The trial court rendered judgment for the defendant. *Held* that the trial court did not err; and that the plaintiff was in no position to claim in this court that the cash offered him on August 13th and 14th was not "legal tender," since it did not appear that the question was raised in the trial court or that the refusal to accept the cash was based upon that ground.

Argued January 5th—decided February 23d, 1926.

Kovner *v.* Dubin.

WRIT OF ERROR to reverse an alleged erroneous judgment of the City Court of Hartford, *Ross, J.,* in favor of the defendant tenant, in an action of summary process, brought to this court at its January Term, 1926, at Hartford. *No error.*

The defendant in error filed a motion in this court, to strike the record of the City Court from the files of this court, and also entered a plea in abatement, and the plaintiff demurred to the plea. *Demurrer sustained; motion denied.*

The defendant occupied a store belonging to the plaintiff, under a written lease dated March 3d, 1923, the term of which was one year from May 1st, 1923, with a privilege of four renewals of one year each, the rent being payable in monthly instalments in advance, on the first day of each month, with a further provision that if the rent remained unpaid for ten days after becoming due, it should be lawful for the lessor, without demand or notice, to re-enter and take possession, and such re-entry and taking possession should end and terminate the lease. All payments of rent were in fact made by the lessee by a check sent the tenth of each month by mail to the house of the lessor, which was the only place of business maintained by the latter, and this was received and accepted by the lessor without objection, on the 11th or 12th. In the absence of the lessor, his wife received this mail at his home. The rent due August 1st, 1925, was not paid, and on the 13th a letter was sent to the lessor, which he received on the 14th, reading as follows: "Mr. Dubin left suddenly last week on a short vacation for his health. In his hurry he forgot to sign your rent check before leaving. I expect Mr. Dubin's return on August 15th, and I will mail check to you immediately after he signs it. Yours very truly, D. Evanier, Secretary."

Also on August 13th, 1925, lessee's general manager, Maniere, went to the house of the lessor, and the latter not being there, offered the rent in cash to the wife of the lessor, but she refused to accept it. On the following day, the wife of the lessee also went to the lessor's house, and again the lessor not being home, offered the rent to the wife of the lessor, but she again refused to accept it. On this same day—the 14th—the lessor's attorney wrote a letter to the lessee acknowledging the secretary's letter of the 13th, saying, among other things, "I hereby terminate your lease and the same is cancelled as of this date by reason of your default in the payment of the rent as required by said lease." On the 17th, a constable went to the lessor's house and offered the rent in behalf of the lessee in money which was a legal tender, and this was refused. On September 2d, the lessee himself went to the lessor's house and offered the rent, and this was refused, and an action of summary process was brought the same day.

*James B. Henry,* for the plaintiff in error.

*Isaac Nassau* and *Abraham S. Borden,* for the defendant in error.

HAINES, J. The demurrer to the plea in abatement in this court questions the legal sufficiency of the three grounds of abatement. The second of these is that it does not appear that the writ was allowed by a judge or clerk of the City Court, and the third is that the bill of exceptions was not filed within forty-eight hours from the entry of the judgment of the City Court. Both of these grounds are untenable, and counsel stated in argument that they were not pressed. The first and only ground of abatement then, which

we are called upon to consider, is whether the law
requires that the paper served upon the defendant
must contain not only a copy of the writ, but also a
copy of the record from the City Court, which is
referred to in the writ as Exhibit A.

The writ of error is based upon the record of the
City Court and the latter forms an essential part of
the proceedings in this court. All were properly filed
and before us in this court. By the common and
better practice, the records of the lower court in a case
of this kind should be incorporated in or annexed to
the writ, and so served upon the defendant. 2 Swift's
Digest, pp. 708, 709; Practice Book, pp. 505, 506.
But our present statute permits writs of error to be
served and returned as other civil process. General
Statutes, § 5857. Under our Rules of Practice it is
only necessary to set out the matters in question in a
complaint according to their legal effect, in such a
way as fairly to apprise the adverse party of the state
of facts which it is intended to consider. Practice
Book, p. 283, § 181. When the condition of a bond
is not noticed in a complaint, a copy may be filed in
the court. *Idem* § 177. So in an action brought on
the common counts, the bill of particulars may be
filed afterward in the court. *Idem,* p. 279, § 165, p.
288, § 195. And where the plaintiff desires to make
any document a part of his complaint, he is per-
mitted to refer to it as an exhibit instead of reciting
it in full, and the document may be filed in court
afterward. *Idem,* p. 283, § 178.

In the present case, the record of the lower court
was referred to in the writ as Exhibit A, but was not
in fact annexed, and therefore a copy was not served
upon the defendant with the writ itself, but it was
afterward filed in this court. Service of the writ was
accepted by counsel for the defendant, and he has

appeared and argued the case upon its merits. It does not appear that the failure so to serve a copy of this record on the defendant operated in any way to his prejudice. He was, of course, as familiar with that record as the plaintiff was.

The demurrer to the plea in abatement is sustained and the motion to strike out is denied for the reason that the demurrer was the proper pleading. In passing, attention is called to the language used by us in the case of *Noll* v. *Moran,* 94 Conn. 452, 454, 109 Atl. 241: "Bringing up the evidence was a superfluous proceeding and one that in no way enlarges the legitimate sources of our information, [and] its mere presence cannot affect one way or another the merits of the assignment of any claimed error of law properly presented by the bill of exceptions." There was no justification for incorporating the transcript of the evidence in this record; the court should have refused to certify it.

Since these are the only objections to the record which are made by the defendant, we must assume that he admits it to be otherwise correct, and is in the position of making the common law plea of "nothing erroneous." We proceed, therefore, to a consideration of the record on its merits.

The writ makes twelve assignments of error. The fifth, sixth and ninth do not require our consideration, since they invite our inspection of the evidence given in the City Court, and this is not our province. The bill of exceptions is the source of our information as to the facts established at that trial, its function being similar to that of a finding on an appeal. *Noll* v. *Moran,* 94 Conn. 452, 456, 109 Atl. 241; *Brown* v. *Cray,* 88 Conn. 141, 143, 89 Atl. 1123.

The first assignment denies the legal sufficiency of the amended answer. This answer, among other

things, alleges that the defendant was in this store under a written lease from the plaintiff and has "continued in possession thereof, and has at all times complied with the terms and conditions contained in said lease." This assignment does not require extended consideration, for it is too general and a bad assignment of error. General Statutes, §§ 5820, 5833; *Pavlovchik* v. *Lupariello,* 101 Conn. 567, 127 Atl. 18; *Hine* v. *McNerney,* 97 Conn. 308, 116 Atl. 610. However, the allegations quoted constitute a good defense to the action of summary process.

The second assignment is that it was error to hold that the failure to pay the rent during the first ten days of August was not a breach of the covenant of the lease. It was provided in the lease, that if the rent remained unpaid for more than ten days after it became due, "then it shall be lawful for the said party of the first part, and without any previous demand or notice whatever, to re-enter and take possession of said leased premises, and such re-entry and taking possession shall end and terminate this lease."

Under these provisions, the failure to pay the rent during the first ten days of the month of August, 1925, was a breach of the defendant's covenant, and he thereby lost his right to a continuance of the lease, and the lessor gained the right to declare a forfeiture of the lease in the manner provided by law. *Hartford Wheel Club* v. *Travelers Ins. Co.,* 78 Conn. 355, 358, 62 Atl. 207. The breach of the covenant was not in and of itself a forfeiture. In order to actually terminate the lease, it was necessary for the lessor thereafter to do some unequivocal act, showing to the lessee his intention so to terminate it. *Holly* v. *Brown,* 14 Conn. 255, 269; *Bowman* v. *Foot,* 29 Conn. 331, 337-342; *Read* v. *Tuttle,* 35 Conn. 25, 26; *Camp* v. *Scott,* 47 Conn. 366, 369, 370; *Hartford Wheel Club* v. *Travel-*

*ers Ins. Co.,* 78 Conn. 355, 358, 62 Atl. 207; *Thompson* v. *Coe,* 96 Conn. 644, 651, 115 Atl. 219.

At common law it was necessary for the lessor to make demand for the rent in order to lay a foundation for forfeiture, and this was to be made upon the premises at a reasonable hour upon the last day the rent was payable under the terms of the lease. The purpose of this requirement was to give the lessee an opportunity to pay the rent due, and so to avoid a forfeiture of his lease. The lessor was also required to make a formal re-entry upon the premises. *Bowman* v. *Foot,* 29 Conn. 331, 340; *Hartford Wheel Club* v. *Travelers Ins. Co.,* 78 Conn. 355, 358, 62 Atl. 207; *Chapman* v. *Harney,* 100 Mass. 353; *Sperry* v. *Sperry,* 8 N. H. 477; *Moran* v. *Lavell,* 32 R. I. 338, 79 Atl. 818; *Willard* v. *Benton,* 57 Vt. 286. It is competent for the parties, by proper provisions in the lease, to provide for a waiver of these requirements. *Fort Orange Barbering Co.* v. *New Haven Hotel Co.,* 92 Conn. 144, 153, 101 Atl. 505.

In the lease before us there is not the specific waiver which appeared in the *Fort Orange* case, but there is a general waiver of "demand and notice of every kind and description whatever, which, were it not for said waiver, might otherwise be necessary in obtaining possession of said premises."

It is not necessary for us to decide whether this clause had the effect of relieving the lessor of the common-law requirement of a re-entry to terminate the lease. No demand or re-entry was in fact made, but the lessor attempted to terminate the lease by the letter of August 14th. However, on the 13th, the defendant's general manager, Maniere, tendered cash for the rent to the wife of the lessor and it was refused, and on the 14th (probably before the letter of termination actually reached the lessee) a similar offer of the

rent was made by the wife of the lessee to the wife of the lessor and again refused. It becomes necessary to decide, therefore, what effect, if any, these tenders had upon the right of the lessor to terminate the lease in any manner on the 14th.

In brief and argument, the plaintiff contends that no legal tender of the rent was made before the 17th of August, when it was tendered by the constable in gold. In support of this, and in many other places in his brief, counsel for the plaintiff refers to the transcript of the evidence and ignores the bill of exceptions signed by himself and approved by *Judge Ross,* to which alone we must have recourse for our facts. The claim that the cash offered on the 13th and 14th was not "legal tender" is not made the basis of an assignment of error, and it does not appear that this question was raised in the court below, nor did the refusal to accept the cash rest upon that ground, so far as appears.

The tender of the cash on the 13th was refused by the lessor's wife. The refusal was not upon the ground that the money tendered was not a legal tender, and under the circumstances a further tender would have been futile, and it obviously was, as shown on the following day. Its competency as a tender cannot be questioned, provided the wife had authority to accept the tender. The agency of the wife for this purpose is clearly shown by the facts stated in the bill of exceptions. *Benjamin* v. *Benjamin,* 15 Conn. 347, 357.

The rule is well established and calls for no more than a citation of some of the authorities, that a tender of the rent, after a breach of a covenant of payment, and before the declaration of a forfeiture by some unequivocal act on the part of the lessor, saves the lessee's rights and prevents the completion of the forfeiture by the lessor thereafter. *Davis* v. *Taylor,*

276 Fed. 619; *North Chicago Street R. Co.* v. *Le Grand Co.,* 95 Ill. App. 435; *Gradle* v. *Warner,* 140 Ill. 123, 29 N. E. 1118; *Tuttle* v. *Bean,* 54 Mass. (13 Metc.) 275; *Jones* v. *Reed,* 15 N. H. 68; *Moran* v. *Lavall,* 32 R. I. 338, 342, 79 Atl. 818; *Rosenberg* v. *Taft,* 94 Vt. 458, 111 Atl. 583; *Houghton* v. *Cook,* 91 Vt. 197, 100 Atl. 115; *Planters Ins. Co.* v. *Diggs,* 67 Tenn. (8 Baxt.) 563; *Lewis* v. *St. Louis,* 69 Mo. 595; *Carondelet* v. *Wolfert,* 39 Mo. 305.

There is no error

In this opinion the other judges concurred.