# A. J. BANDER
*vs.*
# THE LEVERTY DRUG CO.

Superior Court          Fairfield County          File No. 62315

MEMORANDUM FILED AUGUST 18, 1941.

*Jules Simon,* of Bridgeport, for the Plaintiff.

*Saltman, Weiss & Connors; Shapiro & Daly,* and *Sidney Johnson,* of Bridgeport, for the Defendant.

KING, J.   This is an application for advice concerning the validity of a lease, which came on for hearing before the under-signed, in chambers, on August 14, 1941. Although no order to show cause had been issued, the lessor was represented by counsel who, with an attorney appearing for the receiver of the defendant lessee, joined in requesting an immediate hearing. At the hearing the receiver testified in support of the facts alleged in the motion, and was cross-examined by counsel for the lessor.

Counsel for the lessor cooperated in the disposition of the matter by expressly stipulating that the sole ground upon which the lessor claimed that this receiver had no right to make a sale of the unexpired portion of the term of the lease, was because of the prohibition in the lease against as-signment or underletting.

Thus no question arises as to whether the prohibition against assignment in the lease was a condition or a conditional limi-tation, or whether the lessor had or had not taken the neces-sary steps to terminate the lease for condition broken. It may be noted in passing, however, that a consideration of the whole lease discloses that the prohibition in question is clearly a condition and not a conditional limitation. *Judd vs. Mutual Bank & Trust Co.,* 116 Conn. 167, 168, 171.

The material facts involved in the disposition of the present application for advice are relatively few.

The defendant corporation for some years past had conducted a retail drug business in Bridgeport in a building leased from the Bridgeport-City Trust Company (hereinafter referred to as the bank or as the lessor) as trustee and executor under a will. This lease ran for a period of ten years from June 1, 1937. A receiver was appointed for the defendant in April, 1941, and for a time operated the business. Upon an order granted in chambers, the assets and good will of the defendant were ordered sold, and thereafter were sold, on August 8, 1941.

About two days before the sale, the receiver asked the bank whether a purchaser of the assets (including good will) would succeed to the defendant's rights as lessee and was informed that it would not, since the bank claimed that the provision in the lease against assignment precluded the sale, by the receiver, of the unexpired portion of the term of the defendant's lease.

Thereupon the sale was held, but a notice was given to prospective bidders, before the sale began, that if the lease could not be assigned by the receiver to the purchaser, the successful bidder's deposit would be refunded, the sale would be cancelled and a new sale would be held.

The pertinent wording of the lease is as follows (page 2): The lessee agrees "that it will not assign this lease nor underlet the whole or any portion thereof"....and that if the "Lessee, its successors and assigns, shall assign this lease, or underlet, or otherwise dispose of the whole or any part of the said premises....then this lease shall at the option of the Lessor, thereupon expire and be determined, and it shall be lawful for said Lessor at any time thereafter, without demand or notice, to re-enter into said premises and the same to have and repossess as its former estate and all notice under the Statute of Summary Process of Connecticut is hereby expressly waived...."

The provision in question is a general prohibition against assignment and is effective to forbid any voluntary assignment. It has been usually held that such a general provision does not apply to an assignment by operation of law in the sense of a sale by the lessee's receiver, under an order of court, of the unexpired portion of the lessee's term. 32 *Am. Jur. Landlord and Tenant* §338. The cases are collected in

46 A.L.R. 851, and in the *A.L.R. Blue Book of Supplemental Decisions* (1939 ed.), p. 341. While no Connecticut cases are referred to, the citations fully support the annotator's conclusion, as to the general current of authority, and there is little dissent from the view that such sales, by equity receivers, are valid.

The lessor claims that the foregoing rule, if applied, forces it to submit to an assignment which it did not wish to have made and that if the receiver is to accept the lease he cannot take it without the burden of the clause precluding the assignment.

The answer to both of these claims is that it is possible for a lessor to insert a provision in a lease prohibiting an assignment by operation of law, and such a provision has been generally held adequate to preclude an assignment by a receiver's sale. *See Judd vs. Mutual Bank & Trust Co., supra,* 167, 168. In the lease in question such a course was not adopted, and only the general prohibition above quoted was inserted. This, as already pointed out, does not suffice to prohibit an involuntary sale by operation of law.

It might be added that no re-entry was made by the lessor for condition broken, which, in the absence of a waiver in the lease (which did not exist here) was a prerequisite to any forfeiture for condition broken. *Kovner vs. Dubin,* 104 Conn. 112, 119.

The question as to the liability of the receiver, or of the lessee corporation, to the lessor for rent accruing either before or after the assignment to the purchaser, was not argued and is not passed upon. 23 *R.C.L. Receivers* §81; *Carrano vs. Shoor,* 118 Conn. 86, 94; *Napier vs. Peoples Stores Co.,* 98 id. 414, 427; *Anno.* 95 A.L.R. 379.

The receiver is advised: (1) that the quoted provision in the lease in question in which the parties agree that the lessee shall not assign the lease does not apply to an assignment by operation of law; (2) that the sale by the lessee's receiver of the unexpired portion of the term of the lease is such an assignment by operation of law; and, so, (3) that such sale is valid, and, upon ratification of the sale, appropriate instruments, conveying such unexpired portion of the term to the purchaser, may be executed.