[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
The issue to be decided in this motion to dismiss is whether attorney's correspondence preceding the service of the notice to quit can render the notice to quit unequivocal. There appears to be no Appellate Court decision on this subject.
FACTS
This month to month residential summary process eviction is based upon the non payment of a $400.00 rent due on April 1, 1995. The plaintiff served a notice to quit on May 11, 1995 requiring the defendant to vacate the premises on May 21, 1995 for "Non payment of rent." The defendant's attorney has filed a motion to dismiss in accordance with Practice Book § 143 alleging that a defective notice to quit deprives the court of subject matter jurisdiction.
The defendant claims that the May 11, 1995 notice to quit is equivocal taking into consideration a letter signed and sent by the landlord's attorney dated April 11, 1995. The defendant also claims that non payment of rent is an improper or misleading reason for the notice to quit in light of the April 11, 1995 letter.
DISCUSSION OF LAW
A proper notice to quit is a condition precedent to a summary process case and an improper notice to quit deprives the court of subject matter jurisdiction. Lampasona v. Jacobs, 209 Conn. 724, 728
(1989). The notice requirements of Connecticut General Statutes §47a-23, are jurisdictional. Windsor Properties, Inc. v. Great Atlantic andPacific Tea Co., 35 Conn. Sup. 297, 301 (1979). The court has examined the May 11, 1995 notice to quit and concludes it complies with the statutory requirements of Connecticut General Statutes § 47a-23. The court further concludes that "nonpayment of rent" is a proper statutory reason by and of itself. Webb v. Ambler, 125 Conn. 543, 550 (1939). The plaintiff has clearly indicated in the complaint that the period of time for which the rent was not paid was the rent due on April 1, 1995. The month of non payment is not required to be placed in a notice to quit Connecticut General Statutes § 47a-23 (a)(1)(D) and (E) The notice to quit on its face is not equivocal and meets common law and statutory requirements. Hartford Wheel Club v. Travelers Insurance Co.,78 Conn. 355, 358-359 (1905). CT Page 8545
"In order to demonstrate its compliance with the notices required for a proper termination, a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory or arbitrary eviction."Jefferson Gardens Associates v. Greene, 202 Conn. 128, 143 (1987). "Not every deviation from the strict requirements of the either statutes or regulations warrant dismissal of an action for summary process. When good cause for termination of a lease has clearly been shown, and when notices of termination have been sent in strict compliance with statutory timetables, a landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent." Jefferson Gardens Associatesv. Greene, supra 145.
A notice to quit must be an equivocal manifestation by the lessor that he has terminated the rental agreement. Bushnell Plaza DevelopmentCorporation v. Fazzano, 38 Conn. Sup. 683, 686 (1983). In order to terminate the rental agreement with the defendant the plaintiff must have acted unequivocally. Sandrew v. Pequot Drug, Inc., 4 Conn. App. 622,631 (1985). In order to effect a termination, the lesser the must perform some unequivocal act which clearly demonstrates his intent to terminate the lease. O'Keefe v. Atlantic Refining Co. 132 Conn. 613,622 (1946). Although customarily that unequivocal act is a statutory notice to quit, there is nothing in common law preventing a letter from an attorney for the landlord to be such a unequivocal notice terminating the lease. Chapel-High Corporation v. Cavallaro, 141 Conn. 407, 411
(1954), Kovner v. Dubin, 104 Conn. 112, 118 (1926). If such a common law unequivocal notice is used the lease will be terminated but that unequivocal notice will be insufficient to form a subject matter jurisdiction basis to commence the statutory remedy of summary process unless a statutory notice to quit has been served. Connecticut GeneralStatutes § 47a-23.
The default in the terms of a tenancy such as non payment of rent by the tenant does not by itself terminate a tenancy but merely gives the landlord the option by some unequivocal act to terminate the tenancy. Webb v. Ambler, 125 Conn. 543, 551 (1939); Kovner v. Dubin,
supra 118; Bushnell Plaza Development Corporation v. Fazzano, supra 686. A tenant holding over after the service of an unequivocal termination of the lease no longer is a tenant at will but is a tenant at sufferance. Lonergan v. Connecticut Food Store, Inc., 168 Conn. 122,130 (1975). A tenant sufferance is no longer obligated to pay rent. He is obligated to pay reasonable use and occupancy. Welk v. Bidwell,136 Conn. 603, 608-609 (1950). A tenant cannot be evicted for non payment of use and occupancy. Connecticut General Statutes § 47a-23,CT Page 8546Cohen v. Thorpe, 1991 Ct. Sup. 1210, 1217, 6 CSCR 231, 3 Conn. L. 692, SNBR-345, February 21, 1991 (Melville, J.).
An otherwise valid notice to quit can been rendered equivocal subsequent acts. Danpar Associates v. Fahlka, 37 Conn. Sup. 820, 82 (1981). In Danpar the tenant had failed to pay the rent by September 11 and a notice to quit was served on the defendants on September 13. On September 14 the plaintiff's attorney wrote a letter indicating that the landlord was willing to have the defendants continue their occupancy at an increased rental. The otherwise valid notice to quit which was at first unequivocal was rendered equivocal by the landlord's attorney's subsequent letter. This rule was confirmed as late as 1994. 617 ParkStreet Limited v. John Diakomanolis d/b/a Greek Cafe, H-1034, October 21, 1994. (DiPentima, J.).
"The court finds that the subsequent acts of the plaintiff negated the effect of the notice to quit as an unequivocal act terminating the lease. Accordingly, the lease was not terminated by a valid notice to quit. Bargain Mart Inc. v. Lipkis, 212 Conn. 120, 134 (1989)." 617Park Street Limited v. John Diakomanolis d/b/a Greek Cafe, supra 3.
One Housing case does indicate that a preceding letter can render a subsequent notice to quit equivocal. Intertown Realty Company v.Reddick, H-935, January 10, 1991 (Berger, J.). Intertown involved a multiple notice to quit situation. Prior to serving the second notice to quit the sheriff also served a letter which notified the defendant tenant that the pending summary process action had been withdrawn, the previous notices to quit were withdrawn and the rights under his lease were restored. Judge Berger sustained the motion to dismiss on the basis that the defendant was "caught in this never never land of lease or no lease". There is no Appellate Court case on this subject.
CONCLUSION
This lawsuit involves a oral month to month residential tenancy, the rent being due on the first day of each month. The plaintiff states that the defendant failed to pay the rent due on April 1, 1995. Due to the statutory nine day grace period within which to pay the rent,Connecticut General Statutes § 47a-15a, the tenant had until April 10, 1995 to pay the rent. By reason of the non payment of rent by April 10, 1995 the tenant was in default and the landlord had the right to serve an unequivocal notice thereby exercising his option of terminating the tenancy.
The letter of April 11, 1995, addressed to the defendant by the CT Page 8547 landlord's attorney, stated as follows: "This is to advise you that we represent your landlord, the owner of the house in which you reside, Nhan Nguyen. It is his wish that you and your family vacate the apartment in which you reside no later than April 30, 1995. He will not accept any rental payments and will be starting eviction proceedings shortly. Please oblige by leaving the premises immediately." This letter although not complying with the statutory notice to quit, was an unequivocal act sufficient to terminate the month to month tenancy under common law principles. Tseka v. Scher, 135 Conn. 400, 404 (1949);Thompson v. Coe, 96 Conn. 644, 651 (1921). Hartford Wheel Club v.Travelers Insurance Co., supra 358.
Although the landlord did not terminate the tenancy by the April 11, 1995 letter by reason of non payment of rent, the month to month tenancy was clearly terminated effective April 30, 1995. Occupancy by the tenant after April 30, 1995 was as a tenant at sufferance. The defendant had no obligation to pay any rent after April 30, 1995.Lonergan v. Connecticut Food Store, Inc., supra 129.
The May 11, 1995 notice to quit served for non payment of rent gave the defendant on additional period of time until May 21, 1995 to vacate the premises. The April 11, 1995 letter did not comply with the statutory requirement of a notice to quit, and was not able to form the basis of a summary process eviction. Summary process actions are extraordinary remedies which are statutory in origin. The statutes allowing it must therefore be strictly followed and narrowly construed.Jo-Mark Sand and Gravel Co. v. Pantanella, 139 Conn. 598, 600, 601
(1959). The April 11, 1995 letter was not a proper statutory notice to quit. The May 11, 1995 notice to quit was a proper statutory notice to quit and was a condition precedent to the bringing of this instant summary process action. Lampasona v. Jacobs, supra 728.
The issuance of the April 11, 1995 letter created a tenancy at sufferance commencing on May 1, 1995. The plaintiff is limited to bringing an eviction action based on non payment only for the month of April 1995. A Notice to Quit for non payment on April 1, 1995 can be served in the month following the act of non payment. ConnecticutGeneral Statutes § 47a-23(d), P.A. 93-185.
The court does recognize that an unequivocal act by a landlord's attorney can render a subsequent notice to quit defective by reason of creating an equivocal notice to quit. The April 11, 1995 letter did not render the May 11, 1995 notice to quit equivocal under statutory reasons or common law reasons. Bridgeport v. Barbour-Daniel Electronics, Inc.,16 Conn. App. 574, 579 (1988); Cohen v. Thorpe, supra 1217, SNBR-345. CT Page 8548
The Motion to Dismiss is denied.
BY THE COURT,
KEVIN TIERNEY, JUDGE