[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The is a summary process action for nonpayment of rent. The defendant Desiree "Penny" Smith (defendant) has admitted each allegation of the complaint, but has affirmatively pleaded that she offered the plaintiff the rent on June 24, 1997.
The court finds that the plaintiff leased a dwelling unit to the defendant. The tenancy was month-to-month. Rent in the amount of $500.00 was payable on the first day of each month.[1]
The rent was payable when the plaintiff and defendant met, in person, each month at which time the defendant would hand the rent money to the plaintiff. In early June, 1997, the plaintiff told the defendant that she had to vacate the dwelling unit by the end of the month. After conferring with a person or persons familiar with landlord-tenant law, the defendant learned that the plaintiff's verbal demand was not necessarily legally binding on her. On June 24, 1997, the defendant and plaintiff confronted each other, at which time the defendant verbally offered to pay the plaintiff the rent. The defendant did not hand the plaintiff a check or case, although the defendant did have the monies available in her bank. The following day, the plaintiff caused the defendant to be served with a notice to quit. This summary process action followed.
"It is well settled that the breach of a covenant to pay rent does not automatically result in the termination of a lease. Rosa v. Cristina, 135 Conn. 364, 366, 64 A.2d 680 (1949). Rather, it gives the lessor a right to terminate the lease which he may or may not exercise. General Statutes § 47a-15a; Rosa v.Cristina, supra; Kovner v. Dubin, 104 Conn. 112, 118,132 A. 473 (1926). In order to effect a termination, the lessor must perform some unequivocal act which clearly demonstrates his intent to terminate the lease. Tseka v. Scher, 135 Conn. 400,404, 65 A.2d 169 (1949) (re-entry of lease premises); Thompsonv. Coe, 96 Conn. 644, 651, 115 A. 219 (1921) (notice to quit). Moreover, a tender of rent by the lessee after a breach of the covenant of payment but before a declaration of forfeiture by some unequivocal act by the lessor precludes the latter from completing a forfeiture of the lease. Mayron's Bake Shops, Inc.v. Arrow Stores, Inc., 149 Conn. 149, 156, 176 A.2d 574 (1961); Kovner v. Dubin, supra, 120-21. Accordingly, in order to CT Page 9588 maintain an action for summary process for the nonpayment of rent, the lessor must . . . prove a termination of the lease prior to a tender of rent by the lessee. General Statutes §47a-23a." Simsbury Turnpike Realty v. Great A P TEA Co.,39 Conn. Sup. 367, 370, 465 A.2d 331 (App. Sess. 1983) (per curiam); accord, Clementi v. Rivera, Superior Court, Judicial District of Waterbury, Housing Session, No. SPWA-9703-17797 (May 15, 1997). "A tender of rent after a breach of the covenant for its nonpayment, but before a declaration of forfeiture by some unequivocal act by the landlord, precludes the landlord from thereafter completing a forfeiture of the lease. Mayron's BakeShops, Inc. v. Arrow Stores, Inc., 149 Conn. 149, 156,176 A.2d 574 (1961)." Tehrani v. Century Medical Center,7 Conn. App. 301, 305, 508 A.2d 814 (1986); see Cruess Realty v. Heath,
Superior Court, Judicial District of Waterbury, Housing Session, No. SPWA-9704-17934 (May 28, 1997).
The critical question in this case is whether the defendant made a tender of rent to the plaintiff on June 24, 1997. That question was answered thirty-five years ago by the Connecticut supreme Court in Mayron's Bake Shops, Inc. v. Arrow Stores,Inc., supra, 149 Conn. 155-156: "A tender is an offer to pay a debt or discharge a duty, and, in the case of a debt, the offerto pay involves, as a general rule, the actual production of themoney and the placing of it in the power of the person entitledto receive it." (Emphasis added.) See Frederick v. List,
Superior Court, G.A. #5 at Derby, No. CV5-4838 (March 16, 1992) ("To avoid summary process, the law requires the tenant to make a tender of payment of the rent, not merely an offer to do so."). Since the defendant, on June 24, 1997, did not actually produce the rent money and place it in the power of the plaintiff to receive it, as by a check or money order, she did not legally "tender" the rent.
For this reason, judgment may enter for the plaintiff. Execution is stayed until August 31, 1997.
BY THE COURT
Bruce L. LevinJudge of the Superior Court