[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action based on non-payment of rent for November 1998. The premises are located on the third floor of 67 Wilcox Street, New Britain, Connecticut. Defendant appearedpro se and filed an answer and the following special defenses: 1) no rent is due under C.G.S Sec. 47a-4a because there are housing or health code violations in violation of C.G.S. Sec 47a-7 (a) and 2) the eviction is retalitory because defendant contacted public officials. The plaintiff denies the special defenses.
The material allegations of the plaintiffs complaint have either been admitted or proven.
The defendant has the burden to prove her special defenses.Atlantic Richfield Co v. Canaan Oil Co., 202 Conn. 234, 237,520 A.2d 1008 (1987).
In defense of a summary process action based on § 47a-7, the defendant must prove that the premises were in such a state in the month of nonpayment so as to render them unfit and CT Page 5414 uninhabitable. Alteri v. Layton, 35 Conn. Sup. 261, 267,408 A.2d 18 (1979). The defects must materially and substantially affect the tenants' use of the premises. To be successful a tenant must demonstrate actual and serious deprivation of the contemplated use . . . Gayle v. Young, Superior Court, Judicial District of Fairfield, Housing Session, No. SPBR 9409-27973 (1995).
Photographs of the rear stairway leading from the second to the third floor where defendant resides reveal the steps to be in a terribly unsafe condition. The treads appear to be missing or made of makeshift planks of wood. I have no doubt the unsafe condition of the stairs existed during the month of October 1998. There was evidence that another tenant, residing on the second floor, had sustained injuries as a result of a fall on the stairs on October 12, 1998. The plaintiff testified that repairs were made to the stairs about a week after the fall and injury. The evidence was insufficient for me to find that the unsafe condition of the stairs continued into November, the month of nonpayment.
The other items about which defendant complains, disrepair of siding on the house and of the kitchen floor, missing tiles in the bathroom and a leaky bathtub, do not rise to the level of conditions or violations which would allow defendant to withhold rent. To be successful a tenant must demonstrate actual and serious deprivation of the contemplated use. Gayle v. Young,
supra. "The code violations must be substantial and a serious deprivation to health and safety for those to be grounds for a rent abatement or sanctions of any sort." Id.
The special defense that defendant is entitled to the protection of General Statutes Sections 47a-20 and is also unavailing. Section 47a-20a entitled "Actions deemed not retaliatory" states, "Notwithstanding the provisions of section47a-20, the landlord may maintain an action to recover possession of the dwelling unit if:(1). . . . for nonpayment of rent. . . ." See, Maretz v. Apuzzo, 34 Conn. Sup. 594 (1977).
Judgment for possession may enter in favor of plaintiff for nonpayment of rent.
Tanzer, J.
CT Page 5418