[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On May 1, 1989, the plaintiff, James Davis, d/b/a F. W. Davis 
Son, filed a pro se two count complaint against All state Burner Service, Inc. Thereinafter All State) and Fireman's Fund Insurance (hereinafter Fireman's Fund) alleging in Count One a quantum meruit claim and in Count Two a breach of contract claim. The plaintiff's claim arose from excavation services allegedly rendered by the plaintiff for the defendant All State at the medium security correctional facility in Enfield. An "Amendment to Complaint" was filed by the plaintiff on May 30, 1990 to add a third count regarding a claim against the payment bond provided by Fireman's Fund for the project at the correctional facility.
By order dated March 12, 1990, the court, Jackaway, J., ordered CT Page 1765 the plaintiff to revise the complaint and withdraw Count Two. The plaintiff complied with the court's order on March 29, 1990.
By papers filed May 15, 1990, the defendants moved to strike the complaint "as it is legally insufficient." The defendants filed a memorandum of law in support of their motion pursuant to Conn. Practice Bk. Sec. 155. The plaintiff filed an objection to the motion to strike on May 29, 1990, but did not file an opposing memorandum of law. The parties' arguments were heard by the court at short calendar on June 4, 1990.
A motion to strike challenges the legal sufficiency of a pleading. Conn. Practice Bk. Sec. 152 (rev'd to 1978, as updated October 1, 1989); see Mingachos v. CBS, Inc., 196 Conn. 91, 109
(1985). A motion to strike admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138, 142 (1989). If a motion to strike is directed at an entire pleading, the motion must fail if any allegation in the pleading is legally sufficient. Doyle v. A P Realty Corp.,36 Conn. Sup. 126, 127 (Super.Ct. 1980).
In ruling upon a motion to strike, the trial court may consider only those grounds raised in the motion. Blancato v. Feldspar,203 Conn. 34, 44 (1987). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman, 212 Conn. at 146.
A motion to strike shall separately set forth each claim of insufficiency and shall distinctly specify the reason or reasons for each claimed insufficiency. Conn. Practice Bk. Sec. 154. A motion to strike that does not specify the grounds of the insufficiency is "fatally defective." Blancato, 203 Conn. at 36 n. 3; see Morris v. Hartford Courant Co., 200 Conn. 676, 683 n. 5 (1986). A general claim that the pleading does not state a cause of action does not comply with Section 154. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181
(Super.Ct. 1979).
A motion to strike shall be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies. Conn. Practice Bk. Sec. 155; see Hughes v. Bemer, 200 Conn. 400,402 (1986). The requirement that a motion to strike be accompanied by a memorandum of law does not dispense with the requirements of Section 154 that the reasons for the claimed pleading deficiency be specified in the motion itself. Blancato,203 Conn. at 36-37
n. 3; see Ring v. Board of Education, 195 Conn. 90, 94 n. 4 (1985). However, the Connecticut Supreme Court in Rowe v. Godou,209 Conn. 273, 275 (1988), found that a motion to strike which stated only that the plaintiff's claim was "barred by statute" was, as supplemented by a memorandum of law which identified the statute, CT Page 1766 sufficiently specific to comply with Section 154.
If an adverse party objects to the motion to strike he shall file and serve a memorandum of law at least five days before the motion is to be considered on the short calendar. Conn. Practice Bk. Sec. 155. The rule has recently been amended to delete the provision that a party who fails to file a timely opposing memorandum is deemed to have consented to the granting of the motion. Id.
The defendants have failed to set forth the reasons for the claimed legal insufficiency in their motion in accordance with Conn. Practice Bk. Sec. 154. However, the court will consider the defendants' motion as supplemented by the accompanying memorandum on its merits pursuant to the reasoning of Rowe.
The plaintiff has failed to file an opposing memorandum of law in accordance with Conn. Practice Bk. Sec. 155. Connecticut Superior Court cases have held that a court need not grant a motion to strike on this ground but may decide the motion on its merits. See Klein v. Westport, 4 CSCR 6, 7 (November 9, 1988, McGrath, J.). For this reason the pro se plaintiff's failure to file an opposing memorandum is not fatal and the court will decide the motion to strike on its merits.
The defendants argue that the requirements of a breach of contract or a quantum meruit claim are lacking in the plaintiff's complaint. The defendants' claim that the complaint does not contain allegations that the plaintiff performed the work for which payment should be made, that the defendant, All State, breached its contract or benefited at the expense of the plaintiff, or that "the service performed had a particular value or any value whatsoever."
The defendants contend that "due performance by the plaintiff is an essential element of a breach of contract claim" and that an "action founded on quantum meruit must allege that services were provided and that they had a particular value." The defendants state that the "only reference to money or value is that in paragraph 8 `the defendant was billed $44,691.43 and has only paid $34,501.88,'" but "[m]ere sending of a bill is not sufficient to demonstrate value." The defendants cite no authority for any of these statements.
In his objection to the motion to strike, the plaintiff argues that the motion is untimely and fails to meet the time requirement of Conn. Practice Bk. Sec. 114 and that the defendants had previously filed a motion to strike which was denied. The plaintiff also contends that his complaint "meets the requirements for which the defendants claim it does not, and is valid."
"Under our Rules of Practice it is only necessary to set out the matters in question in a complaint according to their legal effect, in such a way as fairly to apprise the adverse party of the state of CT Page 1767 facts which it is intended to consider." Sun Oil Co. v. Keane, 2 Conn. Cir. 524, 528 (1964); see Kovner v. Dubin, 104 Conn. 112, 116 (1926). A formalistic or highly technical construction of pleadings is contrary to a proper view of pleading requirements. Leabo v. Leninski,2 Conn. App. 715, 720 (1984); see O'Brien v. Seyer, 183 Conn. 199,210-11 (1981). "The allegations of the complaint must be given `such reasonable construction as will give effect to [it] in conformity with the general theory which it was intended to follow, and do substantial justice between the parties.' (Emphasis in original.) Cahill v. Board of Education, 198 Conn. 229, 236." Burns v. Koellmer, 11 Conn. App. 375,382 (1987).
Unjust enrichment and quantum meruit are forms of the equitable remedy of restitution by which a plaintiff may recover the benefit conferred on a defendant in situations where no express contract has been entered into by the parties. Burns, 11 Conn. App. at 385. Quantum meruit is the remedy available to a party when the trier of fact determines that an implied contract for services existed between the parties, and that, therefore, the plaintiff is entitled to the reasonable value of services rendered. Burns, 11 Conn. App. at 383, see Rossetti v. New Britain, 163 Conn. 283, 292 (1972). The pleadings must allege facts to support the theory that the defendant, by knowingly accepting the services of the plaintiff and representing to him that he would be compensated in the future, impliedly promised to pay him for the services he rendered. Burns, 11 Conn. App. at 383-84.
Count One of the plaintiff's complaint is labeled "Quantum meruit." The plaintiff alleges that he entered into an agreement with the defendant to provide excavation and other services. The plaintiff further alleges that "during the progress of the work by the plaintiff for the defendant," additional work was added and that this additional work "done by the plaintiff resulted from additions requested verbally by the defendant." The complaint states that the defendant "has and continues to retain $10,189.15 of payments for work that was completed and billed in 1987 and early 1988," that the defendant "was billed $44,691.43 but has only paid $34,501.88" and that payments have not been made in accordance with state statute.
Contrary to the defendants' claim, the plaintiff has alleged performance by stating in the complaint that the defendant retained payments for additional work that was "done by the plaintiff." The allegation that the defendant verbally requested the additional work implied that the defendant knowingly accepted the plaintiff's services. The allegations that the defendant retained payments for work that was completed and billed also implies performance and that the plaintiff expected to be paid for the additional work. The plaintiff's allegations that the defendant has retained over $10,000.00 of payments and that the defendant was billed $44,691.43 show the value that the plaintiff assigns to the work which he completed and the amount by which the plaintiff claims that the CT Page 1768 defendant benefited at his expense. Reading the allegations in the light most favorable to the plaintiff, the first count of plaintiff's complaint states a legally sufficient cause of action.
Inasmuch as the first count of the plaintiff's complaint is legally sufficient, the defendants' motion to strike the entire complaint on the grounds of legal insufficiency should fail. See Doyle v. A P Realty Corp., 36 Conn. Sup. at 127.
The defendants' motion to strike the complaint is denied.
Potter, J.