SIMSBURY TURNPIKE REALTY CO. *v.* THE GREAT ATLANTIC AND PACIFIC TEA CO. ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1505

Argued April 20—decided May 27, 1983

*Bruce G. MacDermid,* for the appellant (plaintiff).

*Christopher M. Royston,* for the appellee (named defendant).

PER CURIAM. The plaintiff has appealed from a judgment granting the named defendant's motion for summary judgment. The facts are as follows: In 1968, the plaintiff agreed to lease real property to the defendant, The Great Atlantic and Pacific Tea Company, Inc. (hereinafter A&P). In return, A&P agreed to pay a fixed monthly rent and an annual percentage rent equal to one and one-quarter percent of all sales in excess of $2.8 million to be paid on or before the thirtieth day following the close of the "lease year."[1] A&P subsequently sublet the premises to the defendants Torna, Inc. and A-G Foods, Inc. pursuant to paragraph 28 of the lease, but under the provisions of this clause, A&P was not released from its obligations to the lessor.

On April 30, 1982, the plaintiff sent a letter to A&P informing it that the percentage rent for the previous year had not been received and that it had ten days to correct this default. This letter was received by A&P on May 3. On the tenth day thereafter, May 13, the plaintiff sent another letter to A&P stating that "[i]n view of the Lessor's [sic] default in the performance of its obligations to render a statement of account and to make payment of the percentage rent within the time set forth in the lease and to remedy such default after notice, be advised that the Lessor intends to re-enter and possess said premises on June 15, 1982." On the day it received this letter, May 17, A&P tendered by mail the rent due to the plaintiff. This tender was refused.

Thereafter, on or about August 4, the plaintiff served A&P with a notice to quit possession of the premises.

---

[1] The lease year was the twelve month period ending on February 28.

The sublessees were not served with this notice. Therefore, on October 8, another notice to quit was served by the plaintiff upon A&P and upon the sublessees Torna, Inc., and A-G Foods, Inc. The notice to quit stated "I hereby terminate your tenancy . . . ." The plaintiff then instituted this summary process action. The complaint alleged that "[t]he tenant is in default of said lease in that it has failed to make the percentage rental payments in the manner provided for in the lease" and attached the second notice to quit.

In its third special defense to the complaint, A&P alleged that "[t]he plaintiff failed to effect a valid forfeiture of defendant's lease by an unequivocal act prior to defendant's tender of rent." A&P thereafter moved for summary judgment for this reason. The trial court granted the motion after finding that neither the April 30 nor the May 13 letter was intended to effect a forfeiture of the lease. It concluded, therefore, that the plaintiff failed to declare a forfeiture of the lease by some unequivocal act prior to the tender of rent by A&P by mail on May 17, 1982.

In its appeal, the plaintiff contends that the court's conclusion with respect to the April 30 and May 13 letters was erroneous. We do not reach this issue, however, since there are other more fundamental grounds to affirm the judgment.

It is a cardinal rule of civil procedure that "[t]he allegations of a complaint limit the issues to be decided on the trial of a case . . . . 61 Am. Jur. 2d, Pleading, § 371; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 99." *Lundberg* v. *Kovacs*, 172 Conn. 229, 232, 374 A.2d 201 (1977); *Strimiska* v. *Yates*, 158 Conn. 179, 185, 257 A.2d 814 (1969). Thus, the failure to include a necessary allegation in a complaint precludes a recovery by the plaintiff under that complaint.

It is well settled that the breach of a covenant to pay rent does not automatically result in the termination of a lease. *Rosa* v. *Cristina,* 135 Conn. 364, 366, 64 A.2d 680 (1949). Rather, it gives the lessor a right to terminate the lease which he may or may not exercise. General Statutes § 47a-15a; *Rosa* v. *Cristina,* supra; *Kovner* v. *Dubin,* 104 Conn. 112, 118, 132 A. 473 (1926). In order to effect a termination, the lessor must perform some unequivocal act which clearly demonstrates his intent to terminate the lease. *Tseka* v. *Scher,* 135 Conn. 400, 404, 65 A.2d 169 (1949) (re-entry of lease premises); *Thompson* v. *Coe,* 96 Conn. 644, 651, 115 A. 219 (1921) (notice to quit). Moreover, a tender of rent by the lessee after a breach of the covenant of payment but before a declaration of forfeiture by some unequivocal act by the lessor precludes the latter from completing a forfeiture of the lease. *Mayron's Bake Shops, Inc.* v. *Arrow Stores, Inc.,* 149 Conn. 149, 156, 176 A.2d 574 (1961); *Kovner* v. *Dubin,* supra, 120–21. Accordingly, in order to maintain an action for summary process for the nonpayment of rent, the lessor must allege and prove a termination of the lease prior to a tender of rent by the lessee. General Statutes § 47a-23a.

The complaint in the present case alleges merely that "[t]he tenant is in default of said lease in that it has failed to make the percentage rental payments in the manner provided for in the lease" and that "[o]n October 8, 1982, the plaintiff, as landlord, caused a Notice to Quit to be served upon the defendants to vacate and quit possession of the leased premises on or before October 18, 1982, as is required by law. A copy of the notice marked Exhibit A is attached hereto."

The complaint does not allege a forfeiture of the lease prior to the May 17 tender of rent by A&P. Rather, the first unequivocal act of forfeiture alleged in the complaint is the notice to quit of October 8. Since the allegations of the complaint limit the plaintiff's right to

recover; *Kawasaki Kisen Kaisha, Ltd.* v. *Indomar, Ltd.,* 173 Conn. 269, 272, 377 A.2d 316 (1977); he is not entitled to a judgment for possession of the premises under the complaint as it now stands.

The trial court, therefore, should not have considered the question of whether the April 30 and May 5 letters effected a forfeiture of the lease as this issue was not properly before it. In view of the well-recognized principle that "a judgment, though based on erroneous grounds, will be sustained if otherwise correct; *Morris* v. *Costa,* 174 Conn. 592, 597–98, 392 A.2d 468 (1978); *Powers* v. *Common Council,* 154 Conn. 156, 161, 222 A.2d 337 (1966); Maltbie, Conn. App. Proc. § 36 . . ." *Housing Authority* v. *McKenzie,* 36 Conn. Sup. 515, 520, 412 A.2d 1143 (1979); we conclude that the trial court correctly granted the defendant's motion for summary judgment.

There is no error.

BIELUCH, COVELLO and CIOFFI, Js., participated in this decision.