Argued and submitted April 19, 1991, judgment affirmed in part; otherwise reversed December 23, 1992, reconsideration denied March 24, petition for review denied June 22, 1993 (317 Or 162)

## KELLSTROM BROS. PAINTING,
a Partnership,
*Respondent,*

*v.*

## THE CARRIAGE WORKS, INC.,
Carriage Works International,
Donald Rowlett, John Evensizer
and Barbara Evensizer,
*Appellants.*

(8900412CV; CA A66626)

844 P2d 221

George W. Kelly, Eugene, argued the cause for appellants. With him on the brief was Neal Buchanan, Klamath Falls.

William M. Ganong, Klamath Falls, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendants[1] appeal a judgment for plaintiff in this action under the Uniform Fraudulent Transfer Act (UFTA). ORS 95.200 *et seq.* We reverse in part.

The parties stipulated the facts. Defendants Rowlett and John and Barbara Evensizer were among the shareholders in defendant The Carriage Works, Inc. (Carriage Works). Before April, 1988, plaintiff furnished $4,288 worth of paint and supplies to Carriage Works, for which it has not been paid. South Valley State Bank (Bank) had a valid perfected security interest in the assets of Carriage Works to secure loans in excess of $290,000. Rowlett was a guarantor on one of the loans. When the loans became delinquent, Bank repossessed the collateral, which was worth less than the amount of the loans. Bank sold the collateral at an advertised public sale in a commercially reasonable manner for $83,000, which was the fair market value. Rowlett was one of the purchasers. On June 16, 1988, Carriage Works International was formed as a partnership, and Rowlett transferred the property that he had purchased at the sale to the partnership.

Plaintiff then brought this action pursuant to UFTA, under which creditors whose claims have been defeated by the transfer of a debtor's assets may seek to void the transfer, attach the transferred assets or proceeds or obtain other relief, including a judgment against the party to whom the assets were transferred. ORS 95.260; ORS 95.270.

ORS 95.240 provides:

"(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor becomes insolvent as a result of the transfer or obligation.

"(2) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if

---

[1] Although The Carriage Works, Inc., a defendant, is named as an appellant, the judgment against it is based on its direct obligation to plaintiff. The claim against it is not under UFTA and is not involved in this appeal.

the transfer was made to an insider for other than a present, reasonably equivalent value, the debtor was insolvent at that time and the insider had reasonable cause to believe that the debtor was insolvent."

Defendants argue that UFTA does not apply, because, under its definitions, disposing of property that is subject to a security interest is not a "transfer" of assets.

■ Plaintiff argues that we should not address that argument, because it was not presented to the trial court. However, plaintiff's claim is specifically under ORS 95.240, a section of UFTA. The definition section of an act usually prescribes the meaning of a defined term wherever it appears in the act. *Jackson County v. Bear Creek Authority*, 293 Or 121, 126, 645 P2d 121 (1982). In order to apply the act, it is necessary to use the applicable statutory definitions, whether or not they were argued to the trial court. Defendants' argument does not raise a new issue on appeal. *See State v. Hitz*, 307 Or 183, 766 P2d 373 (1988).

■ We agree with defendants that the definitions show that UFTA does not apply here. Before a creditor is entitled to relief under UFTA, there must have been a "transfer" by the debtor, and there was no transfer by Carriage Works within the meaning of the act. ORS 95.200(12) provides that a "transfer" means "disposing of * * * an asset * * *." An "asset" does *not* include a debtor's property "to the extent that it is encumbered by a valid lien * * *." ORS 95.200(2)(a). A lien includes a "security interest created by agreement." ORS 95.200(8). It is undisputed that Bank held a valid security interest that encumbered all of the assets of Carriage Works. Neither was there a transfer from the debtor to Rowlett. Bank transferred the collateral to Rowlett and another after the sale, at which they were the high bidders. ORS 95.240 does not provide a means by which plaintiff could void the transfer from Carriage Works.

Because the transfer was not subject to UFTA, it follows that plaintiff was not entitled to judgment against anyone other than The Carriage Works, Inc.

·Judgment against The Carriage Works, Inc., affirmed; otherwise reversed.