[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendant, Liberty Mutual's ("Liberty"), motion to strike count one of the revised complaint and inferentially counts two, three and four, since these latter counts are based on the same factual predicate of the first count.
Liberty's claim is that plaintiff has not alleged a legally sufficient underinsured motorist claim.
On August 30, 1994, the plaintiff, Kevin Richards, filed a four count revised complaint against Liberty Mutual Insurance Company seeking, inter alia, damages arising out of injuries the plaintiff allegedly suffered as a result of an automobile o CT Page 525 accident.
The first count, which alleges an underinsured motorist claim states that on May 6, 1990, the vehicle that the plaintiff was operating with the consent and authorization of its owner, Theodore Richards, was struck from behind by a vehicle operated by defendant, Edward Deaton ("Deaton"). According to the plaintiff, the maximum amount of bodily injury liability coverage that Deaton had with his insurance carrier, ITT Hartford, was one hundred thousand ($100,000) dollars. The plaintiff alleges that he received that amount from ITT Hartford on Deaton's behalf. However, the plaintiff continues and recites that because his injuries exceed the amount paid by ITT Hartford, Liberty is liable for the plaintiff's damages that exceed the amount paid by ITT Hartford pursuant to "his vehicle owner's aggregate underinsured motorist coverage of $80,000.00, $20,000.00 for each of the four vehicles owned by Theodore L. Richards and insured by Liberty Mutual at the time of the accident."
The second and third counts of the revised complaint incorporate the factual allegations as set forth in the first count, and further allege violations of Connecticut Unfair Insurance Practices Act (CUIPA), Secs. 38(a)-816(6), and Connecticut Unfair Trade Practices Act (CUTPA), Sec. 42-110a(3), respectively.
The fourth count also incorporates the factual allegations as stated in the first count, and further alleges that Liberty breached its duty of good faith and fair dealing with respect to its handling of the plaintiff's claim.
The defendant claims that plaintiff has failed to allege that the tortfeasor was an "underinsured motorist" as that term is defined in Connecticut General Statutes, Sec. 38a-336.
General Statutes, Sec. 38a-336(d) provides in part:
 [A]n `underinsured motor vehicle' means a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under. . . .
"The application of Sec. 38a-336 requires two distinct steps: CT Page 526 (1) determining whether a vehicle is in fact underinsured, so that coverage is available; and (2) calculating the amount of the actual award due the victim." Covenant Ins. Co. v.Coon, 220 Conn. 30, 36, 594 A.2d 977 (1991). "The statute is unequivocal . . . in establishing the mechanism for determining whether a vehicle is underinsured. . . ." Id., 37. In making this determination, "the aggregate of the limits of all such bonds and policies on the tortfeasor's motor vehicle is compared against the amount of uninsured motorist coverage of the insured. If the aggregate is less than the limits of liability in the uninsured motorist portion of the insured's policy, then the underinsurance coverage is activated." (Emphasis in original.)American Universal Ins. Co. v. DelGreco, 205 Conn. 178,194, 530 A.2d 171 (1987).
In its supporting memorandum, Liberty argues that since it is alleged that the plaintiff's underinsured motorist coverage ($80,000) is less than the liability coverage for Deaton's motor vehicle ($100,000), Deaton cannot be considered an underinsured motorist as that term is defined in section 38a-336(d).
The plaintiff initially argues that he need only exhaust Liberty's liability insurance policy in order to trigger his underinsured motorist coverage, relying upon GeneralAccident Ins. Co, v. Wheeler, 221 Conn. 206, 603 A.2d 385
(1992), as his authority for that proposition. Further, since he has exhausted Deaton's liability policy, he has satisfied that portion of section 38a-336(b) which states that "[a]n insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements. . . ."
Alternatively, the plaintiff claims that our Supreme Court's interpretation of section 38a-336 violates the equal protection clause of the United States Constitution, in addition to violating his own due process rights. The plaintiff suggests that both he and the plaintiff in General Accident had underinsured motorist coverage that was less than the total liability coverage of the tortfeasor, but that the statute did not foreclose the plaintiff in General Accident from recovering, "but does appear to bar" his claim in this case. Therefore, the plaintiff argues that the statute treats two plaintiffs, standing in the same relation to one another, CT Page 527 differently.
The plaintiff finally counters that even if the first count is stricken, the remaining counts should survive Liberty's motion because the remaining counts are not predicated on whether the plaintiff's underinsured claim is valid, and that Liberty "failed and refused to conduct such an investigation and failed and refused to acknowledge this claim or to promptly provide a basis for its denial."
The issue in General Accident Ins. Co. v. Wheeler
was "whether an insured, where there is more than one tortfeasor responsible for the accident, may recover under his or her underinsured motorist policy before first exhausting the liability insurance policies of all the tortfeasors." Id., 207. Worth noting is that the court in General Accident, while concluding that "an insured is required to exhaust the liability insurance coverage of only one tortfeasor in order to recover underinsured benefits," also recited the definition of an underinsured motor vehicle as defined in section 38a-336(d) and as previously stated.
The plaintiff in General Accident was insured with total effective underinsured coverage of six hundred thousand ($600,000) dollars, while the tortfeasor, at the time of the accident, was insured pursuant to an automobile liability policy in the amount of twenty thousand ($20,000.00) dollars. In contradistinction to the facts of General Accident, the plaintiff in the present action has not alleged that the tortfeasor's liability coverage is less than the limits of liability of the plaintiff's policy. To reiterate, the plaintiff in this action has alleged that his aggregate underinsured motorist coverage totals eighty thousand ($80,000) dollars, while the tortfeasor's (Deaton's) coverage with the defendant was in the amount of one hundred thousand ($100,000) dollars. Therefore, the plaintiff's assertion that section 38a-336 treats two similarly situated plaintiffs, namely, the plaintiff in this action and the plaintiff in General Accident, differently is inaccurate when comparing the facts of the two cases.
"`It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint.'" (Citation omitted.) Lundberg v. Kovacs, 172 Conn. 229,232, 374 A.2d 201 (1977). "[T]he failure to include a necessary CT Page 528 allegation in a complaint precludes a recovery by the plaintiff under that complaint." Simsbury Turnpike Realty Co. v. GreatAtlantic Pacific Tea Co., 39 Conn. Sup. 367, 369,465 A.2d 331 (App. Sess. 1983).
The court concludes that the first count is legally insufficient and hereby strikes said count. The remaining counts are also stricken since they are predicated on factual allegations set out in the first count.
Mihalakos, J.