[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#144)
 I
This case arises from an alleged fraudulent conveyance of real property located at 21 North Main Street, Essex, Connecticut (the property). The second amended complaint alleges a fraudulent transfer by the defendants, Lawrence and Elizabeth Gabel and Norman Zolot, to avoid a CT Page 10385 judgment against Lawrence Gabel held by the plaintiff, the Cadle Company. The plaintiff alleges that it became a creditor of Lawrence Gabel's on June 24, 1994.
The complaint alleges that Lawrence Gabel defaulted on the mortgage on the property in December 1993. A foreclosure action was instituted and proceeded to a foreclosure by sale. (Second Amended Complaint, Count 4, ¶¶ 14-15). While on appeal, the defendants allegedly formed a consortium to have Zolot purchase an assignment of the mortgage for a discounted price. (Second Amended Complaint, Count 4, ¶¶ 16-19).
On December 30, 1996, the mortgage was assigned to Zolot. Subsequently, Lawrence Gabel dropped his appeal of the judgment of foreclosure. Zolot then substituted himself as the party plaintiff in the foreclosure action, opened the judgment and obtained a new judgment of foreclosure by sale. Zolot purchased the property at the foreclosure sale, allegedly using funds supplied by Lawrence Gabel. (Second Amended Complaint, Count 4, ¶ 23). Though Zolot owns legal title to the property, Lawrence and Elizabeth Gabel allegedly enjoy ownership of the property. (Second Amended Complaint, Count 4, ¶ 24).
The plaintiff filed suit on January 18, 2000. On April 12, 2001, the defendants brought a motion to strike the fourth through the tenth counts of the second amended complaint. The fourth through the ninth counts allege violations of the Uniform Fraudulent Transfers Act (UFTA). The fourth and fifth count allege violation of General Statutes § 52-552e
(a)(1)[1] as to Zolot and Elizabeth Gabel, respectively. The sixth and seventh counts allege violation of General Statutes § 52-552e (a) (2)[2] as to Zolot and Elizabeth Gabel, respectively. The eighth and ninth counts allege violation of General Statutes § 52-552f[3] as to Zolot and Elizabeth Gabel, respectively. The tenth count alleges a constructive trust.
 II
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint for failure to state a claim on which relief can be granted." Bennett v. Connecticut Hospice, Inc.,56 Conn. App. 134, 136, 741 A.2d 349 (1999), cert. denied, 252 Conn. 938,747 A.2d 2 (2000). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) D'Amico v.Johnson, 53 Conn. App. 855, 859, 733 A.2d 855 (1999). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Bell v. Board of Education, 55 Conn. App. 400, 404,739 A.2d 321 (1999). CT Page 10386
 III A
The defendants argue that the fourth through the ninth counts must be stricken because the plaintiff has failed to allege that the fraudulently transferred property had any equity. The defendants request that the court take judicial notice of the foreclosure action to find that the property had no equity.
A few judges in the Superior Court have taken judicial notice of a prior proceeding when deciding a motion to strike. The defendants citeFranchi v. American Lawyer Media, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 063999 (March 13, 2000, Arnold,J.) and American Services Automobile Assn. v. Marburg, Superior Court, judicial district of Hartford/New Britain, Docket No. 534401 (October 25, 1995, Blue, J.) (15 Conn. L. Rptr. 281). Both cases are unavailing.
In Franchi, the court looked to a number of prior proceedings to determine whether it should impose sanctions on the non-moving party.Marburg, while taking judicial notice of a prior proceeding, did not use the prior proceeding to decide the facts. The court merely used the prior proceeding to illustrate the underlying facts because the complaint before the court was predicated upon the prior proceeding.
The defendants, however, are attempting to establish evidence based upon the prior foreclosure action. When confronted with a movant attempting to use judicial notice to establish facts in a motion to strike, courts have declined to take judicial notice. ConnecticutFinancial Network v. Savings Institute, Superior Court, judicial district of Hartford/New Britain, Docket No. 548013 (August 7, 1996, Blue, J.) andYale New Haven Hospital v. Orlins, Superior Court, judicial district of New Haven G.A. #6, Docket No. 10396 (May 12, 1992, Levin, J.) Accordingly, this court will not take judicial notice of facts established in the foreclosure action.
 B
The defendants argue that, even without taking judicial notice, the court must strike the fourth through ninth counts because the plaintiff has failed to allege that the property had equity. The court agrees.
Sections 52-552e and 52-552f both begin with "[a] transfer made or obligation incurred . . ." and describe what actions constitute a fraudulent transfer. "Transfer" is defined as "every mode, direct or CT Page 10387 indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset . . . General Statutes § 52-552b (12). An asset is defined in relevant part as "property of a debtor, but the term does not include . . . [p]roperty to the extent it is encumbered by a valid lien. . . ." General Statutes § 52-552b (2).
The complaint nowhere alleges the pre-transfer market value of the property or the amount of the mortgage on the property. The complaint also fails to allege whether the property at issue had any equity.
The UFTA clearly requires that the property have equity. If the plaintiff, at trial, fails to prove that the property had equity at the time of transfer, then the plaintiff will not prevail on its claim. See, e.g., Kellstrom Bros. Painting v. Carriage Works, Inc., 117 Or. App. 276,844 P.2d 221 (1992), rev. denied, 317 Or. 162, 856 P.2d 317 (construing similar provision of Oregon's UFTA to find that when a security interest encumbers all of the property, the UFTA does not apply).
"It is well settled that [i]f the facts that the plaintiff alleges are insufficient to frame [the] causes of action, the plaintiff cannot prevail. Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660, 669,613 A.2d 838 (1992), citing, Ivey, Barnum O'Mara v. Indian HarborProperties, Inc., 190 Conn. 528, 532, 461 A.2d 1369 (1983). [T]he failure to include a necessary allegation in a complaint precludes a recovery by the plaintiff under that complaint. Simsbury Turnpike Realty Co. v. GreatAtlantic Pacific Tea Co., 39 Conn. Sup. 367, 369, 465 A.2d 331 (1983) (Appellate Session)." (Internal quotation marks omitted.) Pergament v.Green, 32 Conn. App. 644, 655, 630 A.2d 615, cert. denied 228 Conn. 903,634 A.2d 296 (1993). To prevail, the plaintiff must allege that the property had equity.
The plaintiff argues that because Lawrence Gabel became the de facto owner of the property free and clear of all liens, that any prior liens are irrelevant. The plaintiff does not employ the correct analysis. The UFTA provides a remedy for creditors when debtors make fraudulent transfers to avoid payment. General Statutes § 52-552h. A transfer is complete when the transfer is perfected or the debtor has acquired rights in the assets. General Statutes § 52-552g. The UFTA does not look to the effect of the transfer to determine if the transfer was fraudulent but to whether the asset had equity at the time of the transfer. Accordingly, the fourth through the ninth counts are legally insufficient.[4]
 C CT Page 10388
The defendants have also requested that the court strike the tenth count alleging a constructive trust. The defendants argue that the plaintiff has failed to allege that it was harmed by the transfer because the plaintiff has not alleged any pre-transfer ability to collect its debt from the property.
"[A] constructive trust arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. . . . Moreover, the party sought to be held liable for a constructive trust must have engaged in conduct that wrongfully harmed the plaintiff. (Citations omitted; internal quotation marks omitted.) Wendell Corp. Trustee v. Thurston, 239 Conn. 109,113-14, 680 A.2d 1314 (1996)." (Internal quotation marks omitted.)Spector v. Konover, 57 Conn. App. 121, 132-33, 747 A.2d 39, cert. denied, 254 Conn. 913, 759 A.2d 507 (2000).
The plaintiff has pleaded the elements necessary for imposition of a constructive trust. First, the plaintiff has pleaded fraudulent conduct by the defendants in that the defendants allegedly carried out a plan to divest Lawrence Gabel of legal title of the property while allowing him to use and enjoy said property. Second, read in the light most favorable to the plaintiff, the allegations demonstrate that the defendants transferred the property in order to avoid payment of the judgment when the property had a value sufficient to satisfy the judgment. Accordingly, the court finds that the tenth count is legally sufficient.
 IV
For the reasons herein stated, the court grants the defendants' motion to strike the fourth, fifth, sixth, seventh, eighth and ninth counts and denies the motion to strike the tenth count.
It is so ordered.
By the court
GILARDI, J.