[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #142 MOTION TO STRIKE
The plaintiff, by way of a motion filed on October 3, 2002, has moved to strike the defendants' revised counterclaim dated August 2, 2002 The stated reason for said motions are:
 1. The counterclaim fails to allege that the Plaintiff acted in his "trade or business";
 2. The counterclaim fails to allege that the Plaintiffs conduct was part of his general business practice;
 3. Excepting all well-pleaded facts in the counterclaim, these facts do not amount to a CUTPA violation because they describe lawful activity.
Section 10-39 of the Practice Book concerns the Motion to Strike. It provides in pertinent part that:
 (a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . [T]hat party may do so by filing a motion to strike the contested pleading or part thereof.
Whereas the defendant has filed a motion to strike, a brief review of recent case law on Motions to Strike is warranted:
 A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in CT Page 753 the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Vacco v. Microsoft Corp., 260 Conn. 59, 64-65. 793 A.2d 1048
(2002). Thus, we assume the truth of both the specific factual allegations and any facts fairly provable thereunder. In doing so, moreover, we read the allegations broadly, rather than narrowly. Parsons v. United Technologies Corp., 243 Conn. 66, 83, 700 A.2d 655
(1997).
 Macomber v. Travelers Property Casualty Corp., 261 Conn. 620, 629
(2002).
The defendant Creative Crafts' counterclaim is dated August 2. 2002 and was filed on September 11, 2002. The plaintiff first asserts that the Revised Counterclaim does not allege that counterclaim defendant ""acted in his trade or business.
 It is well settled that "[i]f the facts that the plaintiff alleges are insufficient to frame [the] causes of action, the plaintiff cannot prevail." Quimby v. Kimberly Clark Corporation 28 Conn. App. 660, 669, 613 A.2d 838 (1992). citing. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 532, 461 A.2d 1369 (1983). "[T]he failure to include a necessary allegation in a complaint precludes a recovery by the plaintiff under that complaint." Simsbury Turnpike Realty Co. v. Great Atlantic Pacific Tea Co., 39 Conn. Sup. 367, 369, 465 A.2d 331 (1983) (Appellate Session). "In order to allege a CUTPA violation properly, the plaintiff must allege. inter alia. that the acts complained of were performed in a "trade or business. See General Statutes 42-110b; Web Press Services Corporation v. New London Motors, Inc., 203 Conn. 342, 354, 525 A.2d 57 (1987)." Quimby v. Kimberly Clark Corporation, supra.
 Pergament v. Green, 32 Conn. App. 644, 655 (1993).
Although the counterclaim plaintiff does not use the words "trade or business", it does allege that:
 1. Creative Crafts International, Inc. or its predecessors was in possession of commercial premises owned by one Thomas Dolan since August 11, 1986, pursuant to several written leases.
 2. On or about August 1. 2001, Thomas Dolan reduced the square footage of the demised premises. refusing to renew the lease to Creative Crafts International, Inc., (sic) unless it accepted less space. CT Page 754
Although the counterclaim plaintiff does not use the words "trade or business' it does use sufficient facts to allege that the plaintiff was acting in his trade or business while conducting the subject transaction "The absence of any magic words is not dispositive." O'Reilly v. GeneralDynamics Corp., 52 Conn. App. 813, 818 (1999).
The plaintiff next asserts that the counterclaim fails to allege that the conduct was a part of the plaintiffs general business practice. The counterclaim plaintiff asserts that the counterclaim "alleges a pattern of conduct within a trade or business which satisfies the violation of C.U.T.P.A." (see Memorandum in Support of Objection to Motion to Strike, at page 4.). Accepting the counterclaim allegations as true for the purpose of the Motion to Strike. the Court comes to the conclusion that the counterclaim plaintiff does allege a pattern of conduct within a trade or business.
The plaintiff lastly asserts that "[e]xcepting all well-pleaded facts in the counterclaim, these facts do not amount to a CUTPA violation because they describe lawful activity. However according to the "cigarette rule", CUTPA claims need not be premised on unlawful activity:
 "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]. . . .
 Journal Publishing Co. v. Hartford Courant Co., 261 Conn. 673, 695
(2002).
In the instant action the Court has reviewed the practices complained of by the counterclaim plaintiff in its Revised Counterclaim dated August 2, 2002 and has come to the conclusion that as a matter of law none of the alleged activities of the counterclaim defendant meet the criteria established by the cigarette rule.
The Motion to Strike the Revised Counterclaim is granted. So ordered.
 ___________________ Richard A. Robinson J. January 16, 2003 CT Page 755
[EDITORS' NOTE: This page is blank.] CT Page 756